

SK / JDR

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIM. NO. 21-00142-TFM |
| | * | USAO NO. 20R00374 |
| v. | * | |
| | * | VIOLATIONS: 18 USC § 1343 |
| KARTARIUS DEWAN JOHNSON, aka | * | 18 USC § 1014 |
| TAREEQ AKHIL ANAD | * | 18 USC § 1028A(a)(1) |
| | * | 18 USC § 1001(a)(2) |

FILED IN OPEN COURT
AUG 26 2021
CHARLES R. DIARD, JR.
CLERK

## INDICTMENT

**THE GRAND JURY CHARGES:**

### INTRODUCTION

At times material to this Indictment:

1. Hancock Whitney Bank ("Hancock"), JPMorgan Chase Bank, N.A. ("JPMorgan"), and BBVA USA ("BBVA") were financial institutions within the meaning of Title 18, United States Code, Section 20, and had branches within the Southern District of Alabama.

2. "Company 1" was a vehicle dealership in Mobile, Alabama. "Company 2" was a vehicle dealership in Beverly Hills, California. "Company 3" was a vehicle dealership in Scottsdale, Arizona. The Grand Jury knows the actual names of Company 1, Company 2, and Company 3.

3. "Person 1" and "Person 2" owned certain real property in Daphne, Alabama (the "Real Property"). The Grand Jury knows the actual names of Person 1 and Person 2, and the address of the Real Property.

4. "L.J." and "H.S." were two individuals whose full names are known to the Grand Jury.

1

5. As part of the United States' response to the economic downturn caused by the COVID-19 pandemic, the U.S. Small Business Administration ("SBA") was authorized via the Coronavirus Aid, Relief, and Economic Security Act to make loans to afflicted businesses. The SBA administered several programs that were designed to assist businesses to weather the COVID-19 pandemic, including the Economic Injury Disaster Loan ("EIDL") Program.

## COUNTS ONE AND TWO
### Wire Fraud
### Title 18, United States Code, Section 1343

6. The allegations in paragraphs 1–3 of this Indictment are realleged for Counts One and Two as though fully set forth therein.

7. From in or about March 2020, and continuing to in or about October 2020, in the Southern District of Alabama, Southern Division, and elsewhere, the defendant,

**KARTARIUS DEWAN JOHNSON, aka**
**TAREEQ AKHIL ANAD,**

devised and intended to devise a scheme and artifice to defraud Hancock, Company 1, Person 1, and Person 2, and to obtain money and property belonging to Hancock, Company 1, Person 1, and Person 2, by means of materially false and fraudulent pretenses, representations, and promises.

### PURPOSE OF THE SCHEME AND ARTIFICE

8. The purpose of the scheme and artifice was for the defendant to enrich himself by seeking to divert to his personal benefit money and property belonging to Hancock, Company 1, Person 1, and Person 2.

### MANNER AND MEANS OF THE SCHEME AND ARTIFICE

9. The defendant sought funding from Hancock to buy the Real Property and a luxury vehicle from Company 1 ("Vehicle 1"). The defendant periodically corresponded with

representatives of Hancock, Company 1, and various parties associated with Person 1 and Person 2, and the defendant's communications included materially false statements. Further, the defendant entered into a purchase agreement with Company 1 knowing he had insufficient funds to buy Vehicle 1, as well as a purchase agreement with Person 1 and Person 2 knowing he had insufficient funds to buy the Real Property. Moreover, the defendant mailed packages in interstate commerce to Hancock. Inside the packages were documents containing materially false statements. One package contained a fictitious "Private Setoff Bond" that demanded payment from Hancock.

## THE WIRE COMMUNICATIONS

10. The allegations in paragraphs 6–9 of this Indictment are realleged and incorporated as though fully set forth here.

11. On or about the dates listed below, in the Southern District of Alabama, Southern Division, and elsewhere, the defendant,

**KARTARIUS DEWAN JOHNSON, aka**
**TAREEQ AKHIL ANAD,**

for the purpose of executing the above-described scheme and artifice to defraud, and attempting to do so, did cause to be transmitted in interstate commerce, by means of a wire communication, certain signs and signals; that is, on or about the dates listed below, the defendant caused an interstate wire communication between Alabama and another state as described below for each count.

| Count | Date (on or about) | Wire communication |
|---|---|---|
| 1 | April 23, 2020 | The defendant emailed a representative of Company 1 regarding the purchase of Vehicle 1. |
| 2 | April 30, 2020 | The defendant emailed a representative of Hancock and two other persons regarding the purchase of the Real Property. |

In violation of Title 18, United States Code, Section 1343.

## COUNTS THREE AND FOUR
### Wire Fraud
### Title 18, United States Code, Section 1343

12. The allegations in paragraphs 1 and 2 of this Indictment are realleged for Counts Three and Four as though fully set forth therein.

13. From in or about October 2020, and continuing to in or about January 2021, in the Southern District of Alabama, Southern Division, and elsewhere, the defendant,

**KARTARIUS DEWAN JOHNSON, aka
TAREEQ AKHIL ANAD,**

devised and intended to devise a scheme and artifice to defraud JPMorgan, Company 2, and Company 3, and to obtain money and property belonging to JPMorgan, Company 2, and Company 3, by means of materially false and fraudulent pretenses, representations, and promises.

### PURPOSE OF THE SCHEME AND ARTIFICE

14. The purpose of the scheme and artifice was for the defendant to enrich himself by seeking to divert to his personal benefit money and property belonging to JPMorgan, Company 2, and Company 3.

## MANNER AND MEANS OF THE SCHEME AND ARTIFICE

15. The defendant opened bank accounts at JPMorgan to buy a luxury vehicle from Company 2 ("Vehicle 2") and a luxury vehicle from Company 3 ("Vehicle 3"). The defendant opened these accounts through materially false representations to JPMorgan, including by knowingly using, without lawful authority, a social security number of another person. At various times, the defendant used JPMorgan bank accounts to deposit funds, write checks, and make other financial transactions. The defendant periodically corresponded with representatives of JPMorgan, Company 2, and Company 3, and his communications included materially false statements. Further, the defendant entered into a purchase agreement with Company 2 knowing he had insufficient funds to buy Vehicle 2, as well as a purchase agreement with Company 3 knowing he had insufficient funds to buy Vehicle 3. Moreover, the defendant mailed packages in interstate commerce to Company 2 and Company 3. Inside the packages were fraudulent checks that the defendant had drafted to buy Vehicle 2 and Vehicle 3.

## THE WIRE COMMUNICATIONS

16. The allegations in paragraphs 12–15 of this Indictment are realleged and incorporated as though fully set forth here.

17. On or about the dates listed below, in the Southern District of Alabama, Southern Division, and elsewhere, the defendant,

**KARTARIUS DEWAN JOHNSON, aka
TAREEQ AKHIL ANAD,**

for the purpose of executing the above-described scheme and artifice to defraud, and attempting to do so, did cause to be transmitted in interstate commerce, by means of a wire communication, certain signs and signals; that is, on or about the dates listed below, the defendant caused an

interstate wire communication between Alabama and another state as described below for each count.

| Count | Date (on or about) | Wire communication |
|---|---|---|
| 3 | November 25, 2020 | The defendant emailed a representative of Company 2 regarding the purchase of Vehicle 2. |
| 4 | November 27, 2020 | The defendant emailed a representative of Company 3 regarding the purchase of Vehicle 3. |

In violation of Title 18, United States Code, Section 1343.

## COUNTS FIVE THROUGH EIGHT
## False Statements to Small Business Administration
## Title 18, United States Code, Section 1014

18. The allegations in paragraphs 4 and 5 of this Indictment are realleged for Counts Five through Eight as though fully set forth therein.

19. On or about the dates listed below, in the Southern District of Alabama, Southern Division, and elsewhere, the defendant,

**KARTARIUS DEWAN JOHNSON, aka
TAREEQ AKHIL ANAD,**

knowingly made a false statement and report for the purpose of influencing the action of the SBA in connection with a provision of the Small Business Investment Act of 1958, upon an application, advance, discount, purchase, purchase agreement, repurchase agreement, commitment, and loan. The defendant prepared false EIDL applications and submitted them to the SBA to obtain SBA funds. Under his name in the EIDL applications described below, the defendant listed another person's social security number instead of his own social security number, to-wit:

| Count | Date (on or about) | False statement |
|---|---|---|
| 5 | October 15, 2020 | Under his name in EIDL application x3256, the defendant listed the social security number of H.S. and not his own. |
| 6 | October 15, 2020 | Under his name in EIDL application x2320, the defendant listed the social security number of H.S. and not his own. |
| 7 | October 15, 2020 | Under his name in EIDL application x2695, the defendant listed the social security number of H.S. and not his own. |
| 8 | January 8, 2021 | Under his name in EIDL application x2574, the defendant listed the social security number of L.J. and not his own. |

In violation of Title 18, United States Code, Section 1014.

### COUNTS NINE THROUGH ELEVEN
### Aggravated Identity Theft
### Title 18, United States Code, Section 1028A(a)(1)

20. The allegations in paragraphs 12–17 of this Indictment are realleged for Counts Nine through Eleven as though fully set forth therein.

21. On or about the dates listed below, in the Southern District of Alabama, Southern Division, and elsewhere, the defendant,

**KARTARIUS DEWAN JOHNSON, aka
TAREEQ AKHIL ANAD,**

during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c)(5), namely, bank fraud in violation of Title 18, United States Code, Section 1344(2), knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, namely, a social security number, as described below.

7

| Count | Date (on or about) | Means of identification |
|---|---|---|
| 9 | October 21, 2020 | The defendant used the social security number of L.J. to open JPMorgan bank account x0751. |
| 10 | November 16, 2020 | The defendant used the social security number of L.J. to open JPMorgan bank account x8792. |
| 11 | December 7, 2020 | The defendant used the social security number of L.J. to open BBVA bank account x7858. |

In violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNTS TWELVE THROUGH FIFTEEN
### Aggravated Identity Theft
### Title 18, United States Code, Section 1028A(a)(1)

22. The allegations in paragraphs 18 and 19 of this Indictment are realleged for Counts Twelve through Fifteen as though fully set forth therein.

23. On or about the dates listed below, in the Southern District of Alabama, Southern Division, and elsewhere, the defendant,

**KARTARIUS DEWAN JOHNSON, aka
TAREEQ AKHIL ANAD,**

during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c)(5), namely, false statements to the SBA in violation of Title 18, United States Code, Section 1014 as alleged in Counts Five through Eight of this Indictment, knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, namely, a social security number, as described below.

| Count | Date (on or about) | Means of identification |
|---|---|---|
| 12 | October 15, 2020 | In EIDL application x3256, the defendant used the social security number of H.S. |
| 13 | October 15, 2020 | In EIDL application x2320, the defendant used the social security number of H.S. |
| 14 | October 15, 2020 | In EIDL application x2695, the defendant used the social security number of H.S. |
| 15 | January 8, 2021 | In EIDL application x2574, the defendant used the social security number of L.J. |

In violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT SIXTEEN
### False Statement to a Federal Agency
### Title 18, United States Code, Section 1001(a)(2)

24. In or about September 2020, in the Southern District of Alabama, Southern Division, and elsewhere, the defendant,

**KARTARIUS DEWAN JOHNSON, aka
TAREEQ AKHIL ANAD,**

knowingly and willfully made a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, namely, the Social Security Administration ("SSA"). The defendant completed Form SS-5 ("Application for a Social Security Card") and submitted it and other documents to the SSA. Question 5 on the form required the defendant to identify his citizenship, to which he responded "Other" rather than "U.S. Citizen." This statement was false because, as the defendant

9

there and then knew, he was in fact a U.S. citizen by birth who was residing in the Southern District of Alabama and who had not formally renounced his U.S. citizenship under the provisions of the Immigration and Nationality Act.

In violation of Title 18, United States Code, Section 1001(a)(2).

## FORFEITURE NOTICE
### Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A)

25. The allegations in Paragraphs 1–23 of this Indictment are realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A), Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c).

26. Upon conviction of the offenses set forth in Counts One through Fifteen of this Indictment, the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violations.

27. If any of the property described above, because of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A), and Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREMAN UNITED STATES GRAND JURY
SOUTHERN DISTRICT OF ALABAMA

SEAN P. COSTELLO
UNITED STATES ATTORNEY

SINAN KALAYOGLU
Assistant United States Attorney

JUSTIN D. ROLLER
Assistant United States Attorney

SEAN P. COSTELLO
Chief, Criminal Division

AUGUST 2021