IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIM. NO. 21-CR-00142-TFM |
| | * | |
| KARTARIUS DEWAN JOHNSON, aka | * | |
| TAREEQ AKHIL ANAD | * | |

**UNITED STATES' MOTION FOR PROTECTIVE ORDER**

Comes now the United States of America, by and through Sean P. Costello, the United States Attorney for the Southern District of Alabama, and files this motion pursuant to Federal Rule of Criminal Procedure 16(d) requesting the Court enter a Protective Order in this case, as more fully described below.

The United States is aware of the need to protect the privacy of individuals, including their personal information and identifiers, and makes this request to comply with the requirements of the Privacy Act (5 U.S.C. § 552a), the Social Security Act (42 U.S.C. § 1306), and S.D. Ala. GenLR 5.2. Because the discovery in this case is voluminous and contains identifying information concerning personal and other sensitive information, traditional redaction would be both inordinately time-consuming, as well as deprive the defendant of specific information that may be relevant to the charged offenses. The United States respectfully submits that a protective Order is appropriate. To that end, the United States respectfully requests this Court enter a Protective Order requiring the parties to adhere to the limitations provided below.

1. As part of its obligations pursuant to Federal Rule of Criminal Procedure 16, the United States will, upon receipt of a Protective Order from this Court, provide to the defendant

discovery documents which may be subject to or implicate the Privacy Act (5 U.S.C. § 552a), the Social Security Act (42 U.S.C. § 1306), or S.D. Ala. GenLR 5.2.

2. The United States will produce these documents unredacted. Some of these documents include personal identifying information (such as names, addresses, Social Security Account numbers, and dates of birth), photographs, names, financial information, tax information, and criminal history information. For purposes of this motion, these documents shall be referred to as "protected discovery."

3. To limit the dissemination of the above-described protected discovery, the following conditions shall apply:

   A. Only defense counsel, counsel's staff, defendant's experts, and defendant shall have access to the protected discovery. Prior to allowing these persons access to the protected discovery, defense counsel will advise each person of the limitations on use and disclosure of discovery as dictated by this motion and subsequent Protective Order and will provide each such person with a copy of the Protective Order issued in this case. **No other persons, other than those described above, shall have access to the protected discovery.**

   B. The protected discovery will be used solely for purposes of preparing defendant's defense in this case.

   C. Any protected discovery in this case will be stored at defense counsel's office or the office of a defense expert who, as noted, shall be subject to the same disclosure limitations.

    D. Any notes, memoranda, summaries, or other documents reflecting the protected discovery or copies made of the protected discovery will also be stored at defense counsel's office or at defense expert's office and will be considered protected discovery.

    E. Any document filed with the Court, including any attachment, which contains protected discovery, or a description or reproduction thereof, will be filed in redacted form or under seal pursuant to S.D. Ala. GenLR 5.2.

    F. The procedure for use of protected discovery during any hearing or trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. The parties shall consider the following efforts, including redacting protected discovery to remove individual personal data identifiers, requesting the Court to submit such documents under seal, coding the documents to substitute numerical or other designation for the individual's name or other identifying information, requesting that any exhibit be placed under seal with an instruction to the jury not to disclose any information contained therein, and introducing any summary evidence where practicable which may be more easily redacted.

    G. Within 90 days of the conclusion of this matter, the defendant shall return the protected discovery and all copies to counsel for the United States.

  4. The Court shall retain jurisdiction to modify the Protective Order, upon motion by any party. Until the Court rules on any such motion, no disclosure of protected discovery shall be made except in compliance with the Protective Order.

  5. The Protective Order shall survive the termination of this action.

  6. Nothing contained in this motion shall prevent or in any way limit or impair the right of the United States to disclose to any regulatory or law enforcement agency, or any agency

3

or department of the United States, or any division of any such agency or department, protected discovery documents relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction, nor shall anything contained in this motion prevent or in any way limit or impair the use of any such protected discovery by an agency in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction; provided, however, that the agency shall maintain the confidentiality of the protected discovery consistent with the terms of this motion and subsequent Protective Order. A copy of the Protective Order will be provided to said regulatory agency, law enforcement agency, or any division, agency, or department of the United States, to ensure compliance therewith in connection with disclosure of protected discovery documents.

    Respectfully submitted on November 2, 2021.

    Respectfully Submitted,

    SEAN P. COSTELLO
    UNITED STATES ATTORNEY

    By: /s/ *Sinan Kalayoglu*
    Sinan Kalayoglu
    Assistant United States Attorney
    United States Attorney's Office
    63 S. Royal Street, Suite 600
    Mobile, Alabama 36602
    Telephone: (251) 441-5845
    Fax: (251) 441-5277