IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIM. NO. 21-CR-00142-TFM |
| | * | |
| KARTARIUS DEWAN JOHNSON, aka | * | |
| TAREEQ AKHIL ANAD | * | |

**UNITED STATES' AMENDED MOTION FOR PROTECTIVE ORDER**

Comes now the United States of America, by and through Sean P. Costello, the United States Attorney for the Southern District of Alabama, and files this amended motion pursuant to Federal Rule of Criminal Procedure 16(d) requesting the Court enter a Protective Order in this case, as more fully described below.

On August 26, 2021, a federal grand jury in the Southern District of Alabama returned a 16-count indictment against Johnson, charging him with wire fraud, false statements to the Small Business Administration, aggravated identity theft, and false statement to a federal agency. Doc. 1. At arraignment on October 29, 2021, Johnson notified the Court that he wished to represent himself. Doc. 11. The Court appointed counsel for Johnson, who insisted that he did not want a lawyer, and later ordered that counsel was standby only. Docs. 10, 21.

Meanwhile, on November 2, 2021, the United States filed a motion for a protective order given the voluminous nature of the discovery in this action, which contains sensitive and identifying personal information for which traditional redaction will be extremely time-consuming. Doc. 17, PageID.64. The United States filed that motion with the understanding that Johnson would be represented by counsel to whom discovery could be provided in unredacted format. Following a *Faretta* hearing on November 12, 2021, however, the Court ordered that

1

Johnson will be permitted to represent himself at all further proceedings. Doc. 30. As a result, the United States will need to provide discovery directly to Johnson, who is the subject of an indictment that includes, among other allegations, charges of aggravated identity theft and other misuse of personal identifying information. Doc. 1, PageID.8–9. Given the above-referenced developments in the case, the United States submits that it would be appropriate to (1) provide discovery directly to Johnson in redacted format and (2) enter an appropriate protective order governing the access, handling, and use of discovery materials in this matter.

Accordingly, and in order to protect the privacy of individuals, including their personal information and identifiers, the United States makes this amended request for a protective order to comply with the requirements of the Privacy Act (5 U.S.C. § 552a), the Social Security Act (42 U.S.C. § 1306), and S.D. Ala. GenLR 5.2. The United States respectfully requests this Court enter a Protective Order requiring the parties to adhere to the limitations provided below.

1. As part of its obligations pursuant to Federal Rule of Criminal Procedure 16, the United States will, within a reasonable time period following receipt of a Protective Order from this Court, provide to the defendant discovery documents which may be subject to or implicate the Privacy Act (5 U.S.C. § 552a), the Social Security Act (42 U.S.C. § 1306), or S.D. Ala. GenLR 5.2.

2. The United States will produce these documents in redacted format. Some of these documents include personal identifying information (such as names, addresses, Social Security Account numbers, and dates of birth), photographs, names, financial information, tax information, and criminal history information. For purposes of this motion, these documents shall be referred to as "protected discovery."

3. To limit the dissemination of the above-described protected discovery, the

following conditions shall apply:

    A.    Only standby counsel, standby counsel's staff, defendant's experts, and defendant shall have access to the protected discovery. Prior to allowing these persons access to the protected discovery, standby counsel and/or defendant will advise each person of the limitations on use and disclosure of discovery as dictated by this motion and subsequent Protective Order and will provide each such person with a copy of the Protective Order issued in this case. **No other persons, other than those described above, shall have access to the protected discovery.**

    B.    The protected discovery will be used solely for purposes of preparing defendant's defense in this case.

    C.    Any protected discovery in this case will be stored at standby counsel's office or the office of a defense expert who, as noted, shall be subject to the same disclosure limitations. The defendant will be permitted to review the protected discovery at an appropriate facility at the U.S. Federal Courthouse, 155 St. Joseph Street, Mobile, Alabama, by coordinating with standby counsel and/or the U.S. Marshals Service.

    D.    Any notes, memoranda, summaries, or other documents reflecting the protected discovery or copies made of the protected discovery will also be stored at standby counsel's office or at defense expert's office and will be considered protected discovery. The defendant will be permitted to review such notes, memoranda, summaries, or other documents reflecting the protected discovery or copies made of the protected discovery at an appropriate facility at the U.S. Federal Courthouse, 155 St. Joseph Street, Mobile, Alabama, by coordinating with standby counsel and/or the U.S. Marshals Service.

    E. Any document filed with the Court, including any attachment, which contains protected discovery, or a description or reproduction thereof, will be filed in redacted form or under seal pursuant to S.D. Ala. GenLR 5.2.

    F. The procedure for use of protected discovery during any hearing or trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. The parties shall consider the following efforts, including making any necessary additional redactions to protected discovery to remove individual personal data identifiers, requesting the Court to submit such documents under seal, coding the documents to substitute numerical or other designation for the individual's name or other identifying information, requesting that any exhibit be placed under seal with an instruction to the jury not to disclose any information contained therein, and introducing any summary evidence where practicable which may be more easily redacted.

    G. Within 90 days of the conclusion of this matter, the defendant shall return the protected discovery and all copies to counsel for the United States.

  4. The Court shall retain jurisdiction to modify the Protective Order, upon motion by any party. Until the Court rules on any such motion, no disclosure of protected discovery shall be made except in compliance with the Protective Order.

  5. The Protective Order shall survive the termination of this action.

  6. Nothing contained in this motion shall prevent or in any way limit or impair the right of the United States to disclose to any regulatory or law enforcement agency, or any agency or department of the United States, or any division of any such agency or department, protected discovery documents relating to any potential violation of law or regulation, or relating to any

matter within that agency's jurisdiction, nor shall anything contained in this motion prevent or in any way limit or impair the use of any such protected discovery by an agency in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction; provided, however, that the agency shall maintain the confidentiality of the protected discovery consistent with the terms of this motion and subsequent Protective Order. A copy of the Protective Order will be provided to said regulatory agency, law enforcement agency, or any division, agency, or department of the United States, to ensure compliance therewith in connection with disclosure of protected discovery documents.

Respectfully submitted on November 18, 2021.

Respectfully submitted,

SEAN P. COSTELLO
UNITED STATES ATTORNEY

By:

/s/ *SINAN KALAYOGLU*
Sinan Kalayoglu
Assistant United States Attorney
United States Attorney's Office
63 S. Royal Street, Suite 600
Mobile, Alabama 36602
Telephone: (251) 441-5845

/s/ *JUSTIN D. ROLLER*
Justin D. Roller
Assistant United States Attorney
United States Attorney's Office
63 S. Royal Street, Suite 600
Mobile, Alabama 36602
Telephone: (251) 441-5845

## CERTIFICATE OF SERVICE

      I hereby certify that on November 18, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to standby counsel for the defendant. I further certify that I served a copy of the foregoing to the defendant by certified U.S. mail to the following address:

**Kartarius Dewan Johnson a/k/a Tareeq Akhil Anad**
**02833-506**
**c/o Escambia County Detention Center**
**316 Court Street**
**Brewton, Alabama 36426**

                                                /s/ SINAN KALAYOGLU
                                                Sinan Kalayoglu
                                                Assistant United States Attorney

                                                /s/ JUSTIN D. ROLLER
                                                Justin D. Roller
                                                Assistant United States Attorney