# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| vs. | CRIMINAL NO. 21-00142-JB |
| | * |
| KARTARIUS JOHNSON, | |
| (aka Treeq Akhil Anad) | * |
| Defendant. | * |

## RESPONSE TO GOVERNMENT'S MOTION TO
## COMPEL COMPLIANCE WITH PROTECTIVE ORDER

COMES NOW, Fred W. Tiemann, and files this response to the government's motion to compel compliance with the protective order (doc. 41).

The court did not solicit or receive a response from the defendant or standby counsel[1] before adopting the government's second proposed protective order (docs. 31 & 32). For this reason, it would appear that court's order should be vacated and a hearing scheduled to hear from the defendant on the government's amended motion for a protective order. The government's first proposed protective order contained

---

[1] U.S. Magistrate Judge Katherine Nelson was clear on the record at the arraignment on October 29, 2021 that undersigned counsel was only appointed, over the objection of the defendant, as standby counsel. Undersigned counsel's status as standby counsel was not reflected on the docket sheet, so an order clarifying this was entered on November 3, 2021 (docs. 10 & 21).

standard language utilized in other protective orders that the defendant may receive, but not disseminate an unredacted copy of the discovery (doc. 17). However, after the Court decided to allow the defendant to represent himself on November 15, 2021 (doc. 30), the government filed an amended motion for a protective order on November 18, 2021 (doc. 31) that prohibited the defendant from obtaining a copy of the discovery or maintaining notes he makes from the discovery. Given that the discovery is now redacted and Federal Rule of Criminal Procedure 16 requires the production of a copy of the discovery to the defendant, not merely the right to view, it would appear that the adoption of the government's proposed protective order by the court was inadvisable.

The defendant is no longer accepting correspondence from undersigned counsel, so it is patently clear that he wishes to represent himself without any interference from undersigned counsel. Although it may be premature for undersigned counsel to withdraw as standby counsel because the defendant may change his mind, the defendant at this point has elected not to avail himself of the assistance or advice of undersigned counsel. Undersigned counsel has noted three occasions where the government has not served the defendant with a copy of their motions (docs. 17, 27, & 28). In addition, it does not appear that the court is sending the defendant copies of its orders. Since the defendant is not accepting

correspondence from undersigned counsel, the government and the court will have to ensure that the defendant is properly served.

         Respectfully submitted,

         <u>Fred W. Tiemann</u>
         FRED W. TIEMANN
         Assistant Federal Defender
         Southern District of Alabama
         Federal Defenders Organization, Inc.
         11 North Water Street, Suite 11290
         Mobile, Alabama 36602
         (251)433-0910

## **CERTIFICATE OF SERVICE**

 I do hereby certify that I have served a copy of the foregoing pleading upon A.U.S.A. Justin Roller via ECF and the defendant by placing the same in the mail on this 18th day of January, 2022.

         <u>Fred W. Tiemann</u>
         FRED W. TIEMANN